IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:20-CR-00110 |
| Plaintiff, | ) |
| | ) JUDGE PAMELA A. BARKER |
| v. | ) |
| | ) |
| JAVIAN A. HEARNS | ) GOVERNMENT'S SENTENCING |
| | ) MEMORANDUM |
| Defendant. | ) |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Marc D. Bullard, Assistant United States Attorney, and hereby files this sentencing memorandum. The Government requests this Honorable Court apply a sentence within the range contemplated by the parties in the plea agreement for offense level -17- (-20- before acceptance), with a criminal history category II of: 27-33 months.

## I.     OFFENSE CONDUCT AND GUIDELINE CALCULATION

### A.     Offense Conduct

On or about May 23, 2019, in the Northern District of Ohio, Eastern Division, Defendant JAVIAN A. HEARNS did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

Specifically, on May 23, 2019, the Euclid Police Department executed a search warrant at 970 E. 224th St., Euclid, Ohio. During the execution of the search warrant, Defendant was found in the first floor back room, on a blue couch. A Juvenile Male was found upstairs; an adult female was found downstairs near HEARNS, and several children were located in the home. A search of the couch yielded -3- bags of pills near where Defendant was found. Detectives arrested Defendant and seized a cell phone, found on his person.

2

Likewise, Officers recovered a firearm from under the couch. This firearm was recovered when officers lifted the couch and it fell to the floor from within the couch. The location of the firearm was described to have fallen from a fabric fold when the couch was lifted upward.

The bags of pills were located in proximity of Defendant were submitted to the Cuyahoga County Regional Forensic ("CCRFSL") Laboratory for Drug Chemistry analysis (Lab. Case No. 2019-4223). CCRFSL drug chemistry analysis of the pills, recovered in proximity to Defendant, found: -356- pills coded to be Oxycodone 30mg; -2- blue fragments identified as Oxycodone (Schedule II), Net Weight 0.01 grams; -7- blue tablets (with illegible marking), identified as Oxycodone (Schedule II), having a Net Weight of .64 grams; and -3- blue fragments identified as Oxycodone (Schedule II), Net Weight .08 grams. [*11.41 grams Oxycodone; Converted Drug Weight: 76.447 KG, Level 20, §2D1.1(a)(5)(c)].

A search warrant was obtained in order to review the content of Defendant's phone. A Cellebrite Report of Defendant's phone was obtained, and reviewed by Police. This cell phone was registered to an apple ID user account containing the name "javian.hearn." A review of this phone showed text messages and text message applications with coded language consistent with arrangements for drug sales and in particular coded language consistent with the sale of pills and/or oxycodone. A video was located on this cell phone showing defendant displaying what appears to be a firearm, this information was provided to defense counsel as part of discovery.

    B.    Guideline Calculation

HEARNS was indicted on February 12, 2020, for one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). (R. 1: Indictment, PageID 1).

On April 1, 2020, the Government filed Joint Notice of Intent to Plead Guilty with an attached plea agreement. (R. 22: Joint Notice of Intent to Plead Guilty, PageID 105-117).

The following is the relevant guideline calculation as stated in the presentence report:

| U.S.S.G. § 2D1.1: Possession with Intent to Distribute a Controlled Substance (Count 1) | | |
|---|---|---|
| Base offense level | 20 | § 2D1.1(c)(10) |

| | | |
|---|---|---|
| Defendant Possessed a Dangerous Weapon | +2 | § 2D1.1(b)(1) |
| **Subtotal** | **22** | |

(R. 24: PSR, PageID 137). A review of HEARN's criminal record reveals a prior conviction which places him in criminal history category II. (R. 24: PSR, PageID 139).

The plea agreement includes a stipulated guideline computation as stated in the plea agreement:

| **Possession Of A Controlled Substance With The Intent To Distribute, 21 U.S.C. § 841(a)(1) & (b)(1)(C)** | | |
|---|---|---|
| Base offense level | 20 | §2D1.1(a)(5)(c) |
| **Total Offense Level before Acceptance of Responsibility** | **20** | |

(*11.41 grams Oxycodone; Converted Drug Weight: 76.447 KG, Level 20.)

(R. 24: Plea Agreement, PageID 111).

Pursuant to the Plea Agreement, HEARNS will receive a -3- level reduction for acceptance of responsibility which will result in an offense level of 17. The U.S.S.G. advises that a defendant that has an offense level of 17, with a criminal history category II, should receive a sentencing range of between 27 and 33 months of imprisonment.

After careful review, the firearm enhancement was not included in the guideline calculation, as pertinent to the plea agreement. In particular, Defendant is a Michigan resident who trafficked drugs in the Northern District of Ohio, as shown in this instance. During the search warrant, Defendant was found in the home of a third-party. Further, a juvenile male was also located within the premises. It is believed by the Government that this juvenile male was a likely co-accomplice and/or co-conspirator (uncharged). Defendant's cell phone had coded text message content consistent with drug trafficking and in particular trafficking in the form of oxycodone pills. Although, Defendant's phone contained a video showing Defendant displaying what appeared to be a firearm, a proper time and date authentication could not be obtained from the Cellebrite extraction alone, at this point. Based on the foregoing, without further information, the Government submits it is just to apply the guideline calculation contained within the plea agreement. Accordingly the Government requests this Honorable Court apply a sentence within the range contemplated by the parties in the plea agreement for an offense level -17-, (-20- before acceptance) for a

criminal history category II of: 27-33 months.

## II. SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence. --The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (5) any pertinent policy statement--
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

5

As detailed in the PSR, Defendant has prior offenses. In particular, on January 25, 2016, in Painesville Municipal Court, Defendant was sentenced to an -18- month term of probation for aggravated menacing. On June 23, 2016, in Painesville Municipal Court, Defendant was convicted for disorderly conduct. On January 30, 2020, Defendant was convicted of attempted carrying a concealed weapon and sentenced to -18- months of probation, in Detroit, Michigan. Defendant also has a DUI offense, wherein the disposition is not known at this time (11.04.19 – Warrant issued).

### III. CONCLUSION

Based on the foregoing the Government requests this Honorable Court to impose a sentence within the range contemplated by the plea agreement for an offense level 17 (-20- before acceptance), with a criminal history category II, of: 27-33 months.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney


/s/ Marc D. Bullard
Marc D. Bullard (OH: 0078206)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3644
(216) 522-7499 (facsimile)
Marc.Bullard@usdoj.gov